UNITED STATES DISTRICT COURT
<u>WESTERN DISTRICT OF NEW YORK</u>

| | | |
|---|---|---|
| ANTHONY D., | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case # 1:18-cv-662-DB |
| | § | |
| COMMISSIONER OF SOCIAL SECURITY, | § | ORDER ON §406(b) MOTION |
| | § | FOR ATTORNEY'S FEES |
| Defendant. | § | |

## <u>INTRODUCTION</u>

Pending before the court is a motion for attorney's fees in the amount of $22,159.15, pursuant to 42 U.S.C. §406(b), filed by Elizabeth Ann Haungs, Esq. ("Ms. Haungs"), of the Law Offices of Kenneth Hiller PLLC (the "Hiller Law Firm"), counsel for Plaintiff Anthony D. ("Plaintiff"). *See* ECF Nos. 22, 22-1. The Commissioner does not oppose Plaintiff's motion, but requests that the Court review the matter to determine the timeliness and reasonableness of Plaintiff's counsel's Section 406(b) fee request. *See* ECF No. 24.

## <u>PROCEDURAL BACKGROUND</u>

On August 23, 2019, this Court remanded Plaintiff's case to the Commissioner, pursuant to Sentence 4 of 42 U.S.C. § U.S.C. 405(g).[1] *See* ECF No. 15. Upon remand, on October 28, 2020, an ALJ issued a fully favorable decision granting Plaintiff's claim in its entirety. *See* ECF No. 22-3. On January 9, 2020, Plaintiff's counsel applied for attorney's fees under the Equal Access to Justice Act ("EAJA") and was awarded $6,550.78. ECF No. 20. Plaintiff's counsel received those funds on February 13, 2020. See ECF No. 22-1 at 2.

In a Notice of Award letter dated November 10, 2020, the Social Security Administration ("SSA") advised Plaintiff that he was due benefits and that SSA withheld $22,159.15, which was

---

[1] The parties consented to proceed before the undersigned, in accordance with a standing order. *See* ECF. No. 13.

25 percent of his past due benefits, to pay a possible attorney fee request. *See* ECF No. 22-4 at 4. On November 27, 2020, Ms. Haungs filed the present motion for attorney's fees pursuant to 42 U.S.C. § 406(b) and stipulates that upon receipt of those funds, she will refund to Plaintiff the $6,550.78 previously received in EAJA fees. *See* ECF No. 22 at 2.

## STATUTORY BACKGROUND

42 U.S.C. § 406(b) authorizes a court to award reasonable attorney's fees to a successful claimant's attorney, provided that those fees do not exceed twenty-five percent of the amount of past-due benefits awarded to the claimant. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807, 122 S.Ct. 1817, 152 L.Ed.2d 996 (2002); *Wells v. Sullivan*, 907 F.2d 367, 370 (2d Cir.1990). "[B]ecause a successful social security claimant evaluates and pays his own attorney, a court's primary focus should be on the reasonableness of the contingency agreement in the context of the particular case." *Wells*, 907 F.2d at 371. In this case, Plaintiff contracted to pay 25% of past-due benefits. Plaintiff's counsel's request for attorney's fees is less than 25% of the Plaintiff's past due benefits. *See* ECF No. 22-1 at 5. Section 406(b) does not displace any contingent-fee arrangement between the claimant and attorney, but rather sets the ceiling for an award under any such agreement at twenty-five percent of the past-due benefits. *Gisbrecht*, 535 U.S. at 792–93.

Prior to *Gisbrecht*, there was a split among the circuits as to the method to be used to calculate attorney fees under 42 U.S.C.§406(b). Some circuits used the "lodestar method,"[2] while others, including the Second Circuit, gave effect to an attorney-client contingent fee agreement if the resulting fee was reasonable, sometimes called the "contingent-fee method." *Gisbrecht*, 122 S.Ct. at 1823-24; *Wells*, 907 F.2d 367. The *Gisbrecht* court resolved in favor of the latter approach

---

[2] The traditional lodestar method emphasizes the calculation of a reasonable rate of compensation for the number of hours reasonably worked. *See Wells v. Sullivan*, 907 F.2d 367, 371 *(2d Cir. 1990)* (internal citations omitted); *see also Blum v. Stenson*, 465 U.S. 886, 898, 104 S.Ct. 1541, 1548, 79 L.Ed.2d 891 (1984); *McGuire v. Sullivan*, 873 F.2d 974, 980 (7th Cir.1989).

giving "primacy" to "lawful attorney-client fee agreements." *Gisbrecht* 122 S.Ct. at 1820, 1828-29. Where there is a contingency fee agreement in a successful social security case, the district court's determination of a reasonable fee under § 406(b) must begin with the agreement, and the district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable. *Wells*, 907 F.2d at 371 (citing *McGuire*, 873 F.2d at 981). The attorney seeking a fee has the burden to prove that the fee request is reasonable. *Gisbrecht* 122 S.Ct. at 1828-29. A court must also provide an "independent check" to "assure" that the fee requested is reasonable in each particular case. *Id*.

### DISCUSSION

In determining a reasonable fee, a court should look first to the contingent-fee agreement, and then test for reasonableness based on the character of the representation and the results the representative achieved. *Gisbrecht*, 535 U.S. at 808; *Wells*, 907 F.2d at 371 ("the best indicator of the 'reasonableness' of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client."). However, "[i]f benefits are large in comparison to the amount of time counsel spent on a case, a downward adjustment is similarly in order." *Wells*, 907 F.2d at 371 (citations omitted).

The court also considers whether the requested fee is out of line with the character of the representation and the results the representative achieved and whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his own fee. *Trupia v. Astrue*, No. 05-6085, 2008 WL 858994, at *2 (N.D.N.Y. Mar. 27, 2008) (citing *Wells*, 907 F.2d at 372). If the court finds that the contingency fee agreement produces an unreasonable fee, the court may reduce the fee provided it states the reasons for and the amount of the deductions. *Id*.

With respect to timeliness, Plaintiff's counsel filed the Section 406(b) motion on November 27, 2020, 17 days after the November 10, 2020 Notice of Award letter. *See* ECF Nos. 22, 22-4. This Court's Local Rule 5.5(g)(1) allows a Plaintiff's counsel 14 days from the date the claimant receives the Notice of Award letter, to file the Section 406(b), plus three days mailing time. Therefore, Plaintiff's counsel's Section 406(b) motion was timely filed.

As noted above, the Notice of Award letter advised Plaintiff that the SSA withheld $22,159.15 (25 percent of the past due benefits) to pay a possible attorney fee request. See ECF No. 22-4 at 4. Accordingly, Plaintiff's counsel requests $22,159.15 under Section 406(b), which is not greater than 25% of Plaintiff's past due benefits. *See* ECF No. 22. Plaintiff's counsel expended a total of 33.3 hours of services at the district court level. *See* ECF No. 22-2 at 3. Thus, Plaintiff's counsel's Section 406(b) fee request amounts to an approximate *de facto* hourly rate of $665.44 ($22,159.15 divided by 33.3 hours).[3] *See* ECF No. 22-2 at 6 ("The hourly rate sought is $665.43 (sic) ($22,159.15 ÷ 33.3 hours).").

Upon consideration, the Court finds that the fee sought in this case is within the range consistently approved in this district, and the *de facto* hourly rate of $665.44 is reasonable and not a windfall. *See, e.g., Briem v. Barnhart*, 2006 WL 3374955*1 (W.D.N.Y.2006) (approving $1,300.00 per hour); *McDonald v. Commissioner*, 2020 WL 360979 (W.D.N.Y. 2019) (approving $1,051.64 per hour); *Thall v. Barnhart*, 2008 WL 4104523 (W.D.N.Y.2008) (approving $1,000.00 per hour); *Buckley v. Berryhill*, 2018 WL 3368434 (W.D.N.Y. 2018) (approving $1,000.00 per hour) ; *Sims v. Commissioner of Social Security*, 2020 WL 812923 (W.D.N.Y. February 19, 2020)

---

[3] Although the lodestar method is not used in calculating fees under Section 406(b), in determining whether a fee request is reasonable, district courts generally look, at least initially, to the number of hours the attorney spent litigating the case, and then the hourly rate obtained by dividing the requested award by the time spent on the case. *See, e.g., Gisbrecht*, 535 U.S. at 808; *Blizzard v. Astrue*, 496 F. Supp. 2d 320, 323-25 (S.D.N.Y. 2007); *George v. Astrue*, No. 04-CV-1545, 2009 WL 197054, at *2 (E.D.N.Y. Jan. 28, 2009).

(approving \$980.87 per hour); *Salone v. Commissioner of Social Security*, 2020 WL 1677374 (W.D.N.Y. April 6, 2020) (approving \$956.25 per hour); *Abbruscato v. Colvin*, 2020 WL 812922 (W.D.N.Y., February 19, 2020) (approving \$855.28 per hour); *Blizzard v. Astrue*, 496 F.Supp.2d 320 (E.D.N.Y.2007) (approving \$705.00 per hour); *Joslyn v. Barnhart*, 389 F.2d 454, (W.D.N.Y.2005) (approving \$861.61 per hour). Additionally, there is no evidence of fraud or overreaching.

The Court further finds that the requested fee is reasonable given that Plaintiff recouped \$88,636.60 in past due benefits. Clearly, Plaintiff's counsel's efforts, including the filing of this action, were instrumental in the award of benefits ultimately obtained. It appears that counsel devoted considerable time and careful attention to Plaintiff's case, as demonstrated by the hours expended. *See Gisbrecht*, 122 S.Ct. at 1828. Thus, the Court finds that Plaintiff's counsel provided effective and efficient representation, Finally, the requested fee of \$22,159.15 is reasonable because it reflects the contingent nature of the recovery, as well as "the extremely long odds" and "significant risk of loss" inherent in Social Security appeals.[4] *See Gisbrecht*, 122 S.Ct. at 1826-28 (explaining contingent nature of a 406(b) fee).

After conducting an "independent check," the Court finds that Plaintiff's counsel has shown that the requested fee of \$22,159.15 pursuant to 42 U.S.C.§406(b) is reasonable. Pursuant to the 1985 Amendments to the EAJA, where counsel receives fees for the same work under the EAJA and 42 U.S.C. § 406(b), counsel must return the smaller of the two fees to Plaintiff. Pub. L. 99-80, Sec. 3, 99 Stat. 183 (1985). *See Gisbrecht*, 535 U.S. at 796 (Counsel must refund plaintiff the lesser of the two fees received). Accordingly, the Court finds that Plaintiff's motion for

---

[4] As noted in Plaintiff's brief, in this district, only 52% of civil actions for Social Security (and SSI) disability benefits cases were reversed or remanded, and only 66% of those cases are granted on remand. *See* ECF No. 22-2 (Affirmation of Ms. Haungs): see also ECF No. 22-5 (GAO report showing Fiscal Year 2019 Disability Decision Data).

attorney's fees in the amount of $22,159.15, pursuant to 42 U.S.C. §406(b), is **GRANTED**, and upon receipt of that sum, Plaintiff's counsel must refund the sum of $6,550.78 to Plaintiff.

 **IT IS SO ORDERED**.


DON D. BUSH
UNITED STATES MAGISTRATE JUDGE